**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JOHNSON, MAISHA GROCHOWSKI, STEVEN AGUILAR, and HECTOR PORTILLO, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>COMPASS GROUP, USA, INC.,<br><br>                    Defendant. | Case No. 3:17-cv-3543<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1)    CALIFORNIA LABOR CODE;**<br><br>**(2)    CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS; and**<br><br>**(3)    CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:17-cv-3543

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................................................... 1

II.     JURISDICTION AND VENUE ...................................................................................... 1

III.    PARTIES ........................................................................................................................ 2

        A.      Plaintiffs ............................................................................................................. 2

        B.      Defendant ............................................................................................................ 2

IV.     FACTUAL ALLEGATIONS .......................................................................................... 3

V.      CLASS ALLEGATIONS ............................................................................................... 10

VI.     CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT ......................................... 13

VII.    CAUSES OF ACTION .................................................................................................. 13

VIII.   PRAYER FOR RELIEF ................................................................................................ 19

IX.     JURY TRIAL DEMAND .............................................................................................. 20

Plaintiffs Gerald Johnson, Maisha Grochowski, Steven Aguilar, and Hector Portillo, on behalf of themselves and all others similarly situated, allege as follows:

## I.       INTRODUCTION

1.       Defendant Compass Group USA, Inc., is a food service and vending company with substantial business operations throughout California, including a number of warehouses and distribution centers located in Garden Grove, San Diego, San Jose, and Hayward.  Compass Group does business in California under the brand or trade names "Canteen" or "Canteen Vending".  Plaintiffs are workers employed by Compass Group via its Canteen moniker as route and delivery drivers throughout its operations in California.  Plaintiffs' typical work duties include loading vehicles and stocking vending machines, collecting unsold food and snack items, checking inventory, collecting payments, routine cleaning and maintenance, and setting up promotional displays for assigned routes and clients.

2.       Compass Group has systematically run afoul of California's Labor Code in numerous ways, including its failure to keep and maintain adequate records of hours worked, engaging in a policy and practice of refusing to provide workers meal and rest breaks, failing to provide a mechanism for workers to receive payments and penalties for missed breaks, failing to compensate workers for "off-the-clock" work before and after their shifts, failing to reimburse workers for company-mandated use of their cell phones, and failing to pay all wages, overtime and commissions in compliance with California law.  Due to Compass Group's systemic violations of the California Labor Code throughout California, Plaintiffs file this suit as a class action pursuant to Federal Rule of Civil Procedure 23, and intend to seek further relief under California's Private Attorney General Act, Labor Code section 2698, *et seq*. ("PAGA"), once the pre-suit notice period has elapsed.  Accordingly, Plaintiffs seek all unpaid wages, damages, penalties, as well as injunctive relief to bring Compass Group's longstanding wage and hour violations into compliance with California law.

## II.      JURISDICTION AND VENUE

3.       The Court has jurisdiction over Plaintiffs' claims based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the

individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Class, on the one hand, and Compass Group, on the other, are citizens of different states.  Plaintiffs and more than two-thirds of the proposed Class are citizens of California and Compass Group is a citizen of North Carolina.

4.      Venue is proper in this District under 28 U.S.C. § 1391 because Compass Group conducts substantial business in this District and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.  Plaintiff Gerald Johnson was employed by Compass Group and is resident of Richmond, California, within this District.

5.      **Intradistrict Assignment**:  Pursuant to Local Rule 3-2, this matter is suitable for assignment to the San Francisco and Oakland Divisions because Plaintiff Johnson is a resident of Contra Costa County and Compass Group maintains business operations in Alameda County.

## III.    PARTIES

### A.    Plaintiffs

6.      Plaintiff Gerald Johnson is a resident of Richmond, California.  Plaintiff Johnson was employed by Compass Group in California during 2016.

7.      Plaintiff Maisha Grochowski is a resident of San Bernardino, California.  Plaintiff Grochowski was employed by Compass Group in California from 2015 through 2016.

8.      Plaintiff Steven Aguilar is a resident of Diamond Bar, California.  Plaintiff Aguilar was employed by Compass Group in California during 2016.

9.      Plaintiff Hector Portillo is a resident of Glendora, California.  Plaintiff Portillo was employed by Compass Group in California from 2014 to 2015.

### B.    Defendant

10.     Defendant Compass Group USA, Inc. ("Compass Group") is the U.S. subsidiary of Compass Group, PLC, an international food service, cleaning, and property management business headquartered in Surrey, England.  Compass Group is registered to do business in the state of California as a Delaware corporation with its principal place of business listed at 2400 Yorkmont Road, Charlotte, North Carolina, 28217.  Compass Group states on its website

that it made its acquisition of the "Canteen Corporation" in 1994 and continues to do business throughout California under the trade and brand name "Canteen" or "Canteen Vending". Compass Group maintains websites including www.canteen.com, https://hourlyjobs.compassgroupcareers.com/, and www.compass-usa.com, that market its services and advertise employment opportunities in California.

11.     At all times relevant herein, Compass Group has been engaged in commerce within California and has been subject to the requirements of California law, including its Labor Code as well as the federal Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, and their accompanying regulations.

12.     Plaintiffs are informed and believe and thereon allege that each and every of the unlawful acts and omissions alleged herein were performed by, and/or attributable to, Compass Group, its agents and/or employees, and/or under the direction and control of Compass Group, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## IV.   FACTUAL ALLEGATIONS

13.     Compass Group has done business in the United States for over 20 years, providing a variety of food related services, including the operation of vending machines and corporate dining assistance.  As it explains on its website:

> As the nation's largest vending machine services company, we provide snacks, drinks, fresh food and healthy vending, utilizing innovative solutions and state-of-the-art technology. Avenue C and Smart Market lead the self-checkout micro-market industry by providing options to traditional vending that surpass all client expectations. Our refreshment services portfolio offers office coffee service, water filtration systems, coffee machines and equipment for businesses large and small. Looking for pantry solutions? We can customize a program to meet your exact needs. Additionally, we offer dining services in corporate, manufacturing, hospital and university settings. Start exploring to learn more!

14.     Throughout California, Compass Group does business as "Canteen Vending" or "Canteen." Canteen's motto is "Always Fresh, Always On" which it displays on its various delivery trucks:



15.     Compass Group promotes its services via its websites, on which it boasts about being an industry leader for over 85 years.  Compass Group purports to be "the only nationwide automated merchandising company in the United States!"  Compass Group advertises that it has "200 company and franchise locations servicing 48 states."

16.     Compass Group's services in California include management of vending machines by keeping them "cleaned, filled and in working order", as well as "micro-market" self-checkout food and beverage services for "offices of all sizes, universities, hospitals, as well as industries ranging from banking and insurance to manufacturing and distribution."   Compass Group also services office coffee stations and can provide employee "breakroom amenities and cleaning supplies."  Compass Group's clients include Volkswagen, Netflix, Amazon, Verizon, Walgreens, and Stanford University, among others.  Compass Group services its California clients from various corporate affiliated warehouses and distribution centers in: Corona, Garden Grove, Hayward, Modesto, North Hollywood, Sacramento, San Diego, San Jose, San Leandro, Van Nuys, and San Diego.  Compass Group also has franchise affiliates in California in places such as Chico, Oxnard, and Santa Rosa.

17.     Compass Group recruits employees in California through its website at https://hourlyjobs.compassgroupcareers.com/.  Compass Group claims that "People are at the heart of our business."  Compass Group's business relies heavily, if not exclusively, on the timely deliveries and service provided by drivers to maintain vending machine and office food supplies. Due to high turnover and growing operations, Compass Group is constantly advertising route and service driving positions for the Canteen business through its "Micromarket," "Avenue C," "Office Coffee," and "Vending" services ("Canteen Drivers").

18. Although there might be some variations amongst routes and clients, the vast majority of Canteen Drivers (also called "Route Drivers" in Compass Group's job ads) are generally tasked with the same key primary responsibilities of: (1) driving and servicing a set route and/or clients; (2) loading trucks and maintaining proper inventory levels and product distribution for vending machines; (3) performing routine sanitation, maintenance and cleaning of vending machines and related equipment; (4) performing product rotation to ensure freshness at designated client locations; (5) providing client and customer satisfaction; (6) informing clients and customers of new products and services; (7) setting up merchandise and sales promotional displays; (8) accounting for receipt of all goods, invoices, delivery tickets, cash received, and products; (9) inspecting and maintaining delivery vehicles.

19. For their work, Canteen Drivers in California are generally paid on an hourly basis in the range of about $12-$17 per hour, with some Canteen Drivers eligible to receive commissions based on the collections from their assigned routes. Compass Group has employed hundreds, if not thousands, of Canteen Drivers in California in the past few years.

20. Compass Group maintains a set of common policies and procedures applicable to Canteen Drivers regarding the payments of wages and overtime. Notably, although the technology has been in place for decades, Compass Group does not have Canteen Drivers clock in and out on any electronic timekeeping system that would accurately track when they report to the distribution centers before their routes, and when they clock out when they are finished. Rather, Compass Group has Canteen Drivers use the archaic system of self-reporting hours on handwritten timesheets using their own computations of time worked which then have to be approved (and can be changed) by a supervisor. Compass Group also forbids Canteen Drivers from working overtime without pre-authorization via company policy.

21. Compass Group constantly tracks Canteen Drivers continuously throughout their shifts, with security cameras monitoring warehouse and distribution centers as well as GPS devices installed in delivery vehicles that permit Compass Group to monitor Canteen Drivers while they are on their routes as well as the speeds they drive at. Canteen Drivers are also expected to be available by cell phone during the entirety of their shift although Compass Group

(1) does not provide employees with company phones and; (2) does not provide adequate reimbursement for company-use of their cell phones.  So, while Compass Group electronically monitors its employees through multiple methods during the entire course of their work shifts, it refuses to modernize its time-reporting system in order to prevent employees from accurately recording their hours of work, a burden that falls squarely on Compass Group under applicable wage laws.  *See, e.g*., 29 U.S.C. § 211(c); 8 Cal. Code Regs. § 11050.

22.     Compass Group also fails to provide Canteen Drivers with meal and rest breaks in violation of California law.  Canteen Drivers are required to complete their assigned routes within their pre-budgeted for and approved shift times although they frequently do not have time to do so, particularly given traffic, broken vending machines, and other complications that can arise during the course of their work day.  Still, Compass Group does not schedule or provide Canteen Drivers with meal and rest breaks and pressures them to complete their assigned routes in the allotted time.  As a result, Canteen Drivers regularly work through their meal and rest breaks.  Even when breaks are taken, given the nature of their work and the time pressure constraints Compass Group puts on its Canteen Drivers, they are never completely relieved of duty and often work during most, if not all, of their meal period such as by going through a drive-thru for lunch and eating while in route to their next stop.

23.     Given its continuous monitoring and tracking of employees, Compass Group is well-aware that Canteen Drivers are working continuously through their shifts without taking required meal and rest breaks, providing it with actual and constructive knowledge of its violations.  Additionally, Plaintiffs have complained and notified supervisors as well as Compass Group's human resources department about its failure to provide meal and rest breaks, but the company still has not provided appropriate compensation or penalties to Canteen Drivers, and it has not changed its policies and practices to comply with applicable law.  Among other things, Compass Group fails to maintain a legally compliant meal and rest break waiver policy and practice, fails to accurately record the times of breaks not taken (or even those that may have been taken), and fails to maintain and implement policies and practices that would permit appropriate compensation for missed meal and rest breaks.

Case 4:17-cv-03543-KAW   Document 1   Filed 06/20/17   Page 9 of 22

24.     Compass Group also engages in policies and practices that requires Canteen Drivers to perform work "off-the-clock" before and after their shifts as part of their duties to maintain and prepare their delivery vehicles outside of their scheduled shifts without pay.

25.     Compass Group also violates California law by failing to pay Canteen Drivers commissions.  Some Canteen Drivers are eligible for commissions collected from the receipts of their assigned routes and clients, but Compass Group will fail to eventually pay those commissions.  Even when it does pay the commissions, Compass Group still runs afoul of California law.  For example, Plaintiff Portillo was paid on a commission basis.  In multiple workweeks, Compass Group determined Plaintiff Portillo's hourly rate of pay entirely from his commissions (at a rate of 7%), but that amount fell well below the statutory minimums in California.  In the week of October 29, 2014, Compass Group determined Plaintiff Portillo's hourly rate to be only $7.81,[1] but California's minimum wage was $9.00 per hour at that time.  In that same workweek Compass Group determined Plaintiff Portillo's overtime rate to only be $11.72, well short of the $13.50 required by California law.  Similar violations occurred in the workweeks of December 3 and December 10, 2014, when Compass Group determined Plaintiff Portillo's hourly rate based on his commissions were only $8.06 and $7.66, respectively.  During the first week of January 2015, Compass Group only paid Plaintiff Portillo at a rate of $6.30 per hour, which also made his overtime rate only $9.45.  These hourly rates of pay are only 70% of the statutory minimums *before* taxes.  And, as stated elsewhere in this Complaint, Plaintiffs allege Compass Group did not accurately record hours worked and missed meal and rest breaks, which may make these hourly rates even less once all actual hours worked are determined.  Further, by failing to properly include earned commissions in determining Canteen Drivers' regular rates of pay, Compass Group has systematically undercalculated their hourly rates and underpaid them.

---

[1] California's minimum wage beginning January 1, 2008 was $8.00 per hour.  The minimum wage increased to $9.00 per hour on July 1, 2014, went up to $10.00 per hour beginning January 1, 2016, and then to $10.50 per hour beginning January 1, 2017.

1
2
3
4
5
6
7
8



9

**Plaintiffs' Experiences**

10      26.     Plaintiff Gerald Johnson was employed by Compass Group in California during

11  2016.  He worked as a Canteen Driver out of Compass Group's Hayward, California facility.

12  Plaintiff Johnson is a non-exempt employee paid on an hourly basis and he does not have a

13  commercial driver's license.  While employed by Compass Group, Plaintiff Johnson repeatedly

14  missed meal and rest breaks while he tried to finish his routes and work assignments in a timely

15  fashion.  Plaintiff Johnson complained to a supervisor and human resources about the missed

16  meal and rest breaks but he was not provided requisite additional wages and penalties.  Plaintiff

17  Johnson was also required to perform off-the-clock work such as preparing and maintaining

18  trucks outside of his scheduled shifts.  Plaintiff Johnson was required to maintain a cell phone at

19  all times and used it regularly for work purposes but was not provided adequate reimbursements

20  from Compass Group.  As a result of Compass Group's policies and practices, Plaintiff Johnson

21  was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and

22  reimbursements.

23      27.     Plaintiff Grochowski was employed by Compass Group from 2015 through 2016.

24  She worked as a Canteen Driver out of Compass Group's Corona, California facility.  Plaintiff

25  Grochowski is a non-exempt employee paid on an hourly basis and she does not have a

26  commercial driver's license.  While employed by Compass Group, Plaintiff Grochowski

27  repeatedly missed meal and rest breaks while she tried to finish her routes and work assignments

28  in a timely fashion.  Plaintiff Grochowski complained to a Compass Group supervisor about the

missed meal and rest breaks but was not provided requisite additional wages and penalties. Plaintiff Grochowski was also required to perform off-the-clock work such as preparing and maintaining trucks outside of her scheduled shifts.  Plaintiff Grochowski was required to maintain a cell phone at all times and used it regularly for work purposes but was not provided adequate reimbursements from Compass Group.   As a result of Compass Group's policies and practices, Plaintiff Grochowski was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and reimbursements.

28.     Plaintiff Aguilar was employed by Compass Group in California in 2016.  He worked as a Canteen Driver out of Compass Group's Garden Grove, California facility.  Plaintiff Aguilar is a non-exempt employee paid on an hourly basis and he does not have a commercial driver's license.  While employed by Compass Group, Plaintiff Aguilar repeatedly missed meal and rest breaks while he tried to finish his routes and work assignments in a timely fashion. Plaintiff Aguilar complained to a Compass Group supervisor about the missed meal and rest breaks but was not provided requisite additional wages and penalties.  Plaintiff Aguilar was also required to perform off-the-clock work such as preparing and maintaining trucks outside of his scheduled shifts.  Plaintiff Aguilar was required to maintain a cell phone at all times and used it regularly for work purposes but was not provided adequate reimbursements from Compass Group.  Plaintiff also understood that he should have received commission pay but did not.  As a result of Compass Group's policies and practices, Plaintiff Aguilar was provided inaccurate wage statements and is owed wages, commissions, overtime, penalties, damages and reimbursements.

29.     Plaintiff Hector Portillo is a resident of Glendora, California.  Plaintiff Portillo was employed by Compass Group in California from 2014 to 2015.  He worked as a Canteen Driver out of Compass Group's Garden Grove, California facility.  Plaintiff Portillo is a non-exempt employee paid on an hourly basis and he does not have a commercial driver's license.  While employed by Compass Group, Plaintiff Portillo repeatedly missed meal and rest breaks while he tried to finish his routes and work assignments in a timely fashion.  Plaintiff Portillo raised the issue on at least one occasion missed and rest breaks with a supervisor but he was not provided requisite additional wages and penalties.  Plaintiff Portillo was also required to perform off-the-

clock work such as preparing and maintaining trucks outside of his scheduled shifts.  Plaintiff

Portillo was required to maintain a cell phone at all times and used it regularly for work purposes

but was not provided adequate reimbursements from Compass Group.  As a result of Compass

Group's policies and practices, Plaintiff Portillo was provided inaccurate wage statements and is

owed wages, commissions, overtime, penalties, damages and reimbursements.

## V.   CLASS ALLEGATIONS

30.   Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23.

The Class is initially defined as:

> All current and former Compass Group workers employed as
> Canteen Drivers, or equivalent positions, in California, at any time
> during the four years prior to the commencement of this lawsuit
> through the date of class notice.

Excluded from the Class are Plaintiffs' counsel, anyone employed by counsel for Plaintiffs in this

action as well as their families; and any Judge to whom this case is assigned as well as his or her

immediate family.

31.   Plaintiffs and their claims meet all of the criteria for Class certification under

Federal Civil Rule 23(a) and (b)(3).

32.   Numerosity. Compass Group has employed hundreds, if not thousands, of Canteen

Drivers in California from 2013 through the present.  Class members are therefore far too

numerous to be individually joined in this lawsuit.

33.   Common Questions of Law and Fact Predominate Plaintiffs' Claims.  Common

questions of law and/or fact exist as to the members of the Class and, in addition, common

questions of law and/or fact predominate over questions affecting only individual members of the

Class.  The common questions include the following:

a.   Whether Compass Group's timekeeping systems to record hours of work

are compliant with the wage and hour laws and regulations;

b.   Whether Compass Group's policy and practice of requiring Canteen

Drivers to work through their meal and rest break periods in order to ensure timely deliveries

violates California labor laws and regulations;

c. Whether Compass Group's policies and practices to compensate Canteen Drivers for meal and rest breaks that were not provided violates California labor laws and regulations;

d. Whether Compass Group's policies and practices of requiring Canteen Drivers to work off-the-clock without compensation violates California labor laws and regulations;

e. Whether Compass Group has failed to pay Canteen Drivers earned commissions in violation of California labor laws and regulations;

f. Whether Compass Group has failed to pay Canteen Drivers minimum wages, overtime, and double-time in violation of California labor laws and regulations;

g. Whether Compass Group has miscalculated Canteen Drivers' regular rates of pay in violation of California labor laws and regulations;

h. Whether Compass Group has misclassified Canteen Drivers as commissioned salespersons or outside salespersons in violation of California labor laws and regulations;

i. Whether Compass Group's policy and practice of failing to reimburse Canteen Drivers for the employment related use of their cell phone service is a violation of Labor Code § 2802;

j. Whether Compass Group's policies and practices have resulted in Canteen Drivers receiving inaccurate wage statements in violation of California labor laws and regulations;

k. Whether Compass Group's policies and practices have violated the California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq.* (the "UCL") as set forth herein;

l. Whether Canteen Drivers are entitled unpaid wages, overtime, damages, reimbursements, and penalties and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

34.     <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Class.  Compass Group's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed Class to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed Class.

35.     <u>Adequacy</u>.  Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the class they seeks to represent.  Plaintiffs have retained counsel competent and experienced in complex class action litigation, including the prosecution of wage and hour violations, and Plaintiffs intend to prosecute this action vigorously.  Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Class.

36.     <u>Superiority.</u>  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Canteen Vending economically feasible.  Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37.     Plaintiffs intend to send the best notice practicable to all members of the Class to the extent required under applicable class action procedures pursuant to Federal Civil Rule 23(c)(2).

38.     In the alternative, the Class may be certified under Federal Civil Rule 23(b)(1) or (2) because:

a.     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Compass Group; and

b.      Compass Group has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

39.     Particular issues in this litigation relating to the Class may be also be certified under Federal Civil Rule 23(c)(4) and the Court may employ subclasses pursuant to Federal Civil Rule 23(c)(5) if necessary.

## VI.      CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT

40.     On June 20, 2017, Plaintiffs provided notice to the California Labor and Workforce Development Agency and Compass Group pursuant to the California Labor Code's Private Attorney General's Act, §§ 2698, *et seq.* ("PAGA"), regarding their complaints that Compass Group has failed to pay them and other employees all wages, commissions, damages, and penalties, as described in this Complaint.  PAGA permits private litigants to bring a representative action on behalf of fellow employees for violations of the California Labor Code, and permits them to recover penalties for the employees and the State of California.  Plaintiffs have complied with the notice requirements of PAGA, and will amend their Complaint to seek PAGA penalties at the expiration of the statutory waiting period.

## VII.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wages and Overtime in Violation of**
**California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order 5-2001**

41.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

42.     California Labor Code section 510 states that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Additionally, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

43.     California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission, or other method of calculation."  Compass Group has failed to pay Plaintiffs and the Class all minimum wages, straight time, overtime, and double-time required under the California Labor Code and Industrial Wage Order ("IWC") 5-2001 (8 Cal. Code Regs. § 11050)[2] by, including but not limited to, (1) failing accurately to record all hours of work in Compass Group's timekeeping systems; (2) failing to pay wages and at the proper rates for hours worked that accumulate because of missed meal and rest periods; (3) failing to pay wages for hours worked off-the-clock; (4) failing to pay commissions; and (5) failing to properly calculate the regular rate of pay.

44.     In its violations of the California Labor Code, Compass Group has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class members with all wages and compensation required by law.  Compass Group and its agents committed the acts and omissions alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the proposed Class, with improper motives amounting to malice and in conscious disregard of the rights of Plaintiffs and the Class members.  Plaintiffs and the Class members are entitled to recover all nominal, actual, compensatory, punitive, and exemplary damages in an amount to be determined by proof at trial.

45.     Pursuant to Labor Code §§ 1194 and 1198, Plaintiffs and the Class are entitled to recover the unpaid balance of the full amount of unpaid wages, straight time, overtime, double-time, and commissions, including pre- and post-judgment interest accumulated thereon, plus reasonable attorneys' fees and costs of suit.

---

[2] Plaintiffs initially allege that they are subject to the IWC Wage Order #5 governing the "public housekeeping industry."  However, due to the nature of their duties, Plaintiffs alternatively or additionally allege that they are subject to IWC Wage Order #9 governing the "transportation industry" and/or IWC Wage Order #17 which is a catch-all order applicable to non-exempt employees.  The substantive requirements for wages, breaks, and record keeping alleged in this Complaint are substantially similar, if not identical, amongst these IWC Wage Orders and Plaintiffs expressly incorporate each of them in by reference to each cause of action.

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal and Rest Breaks in Violation of**
**California Labor Code §§ 226.7, 512 and IWC Wage Order 5-2001**

46.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

47.     California Labor Code section 512 and IWC Wage Order 5-2001[3] requires Compass Group to provide Plaintiffs and Class members with regular meal and rest breaks during which they are completely relieved of duty.  Section 512 also requires Compass Group to provide additional meal periods when Canteen Drivers work more than 10 hours per day.  Section 226.7 requires Compass Group to pay Plaintiffs and Class members "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

48.     Compass Group has failed to provide Plaintiffs and Class members with legally required meal and rest breaks as alleged herein.  Additionally, Compass Group has failed to provide Plaintiffs and Class members with meal and rest breaks during which they were completely relieved of their work duties, has failed to keep accurate records of Canteen Drivers' meal and rest breaks, has failed to pay them wages and penalties owed for missed meal and rest breaks, has failed to implement and maintain any legally acceptable policy for obtaining waivers of any meal and rest break requirements, and has failed to implement and maintain any policy and practice that compensates Canteen Drivers for missed meal and rest breaks.

49.     As a result of Compass Group's unlawful policies and practices alleged herein, Plaintiffs and Class members seek compensation for missed meal and rest breaks in accordance with Labor Code § 226.7 as well as necessary injunctive relief in the form of corporate policy and practice changes necessary to bring Compass Group into compliance with California's laws regarding the provision of meal and rest breaks.

---

[3] Per footnote 2, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & #17.

**THIRD CAUSE OF ACTION**
**Failure to Reimburse Employees for Required Work Expenses and Tools**
**in Violation of California Labor Code § 2802 and IWC Wage Order 5-2001**

50.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

51.     Compass Group required Plaintiffs and the Class to obtain and maintain cell phone service because Compass Group requires the use of a cell phone to be on call and respond to work-related calls while Canteen Drivers are on their assigned routes during their work shift. Compass Group maintains that cell phones are tools and services that are necessary for Canteen Drivers to use to discharge their employment duties.

52.     Compass Group's policy and practice of failing to fully reimburse Canteen Drivers for business expenses related to the cell phones that they actually and necessarily incurred as part of their employment is a violation of Labor Code section 2802 and IWC Wage Order 5-2001(9)(B).[4]

53.     Accordingly, Plaintiffs and the Class are entitled to recover the unpaid balance of unreimbursed business expenses, including pre- and post-judgment interest accumulated thereon, plus reasonable attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Itemized Wage Statements**
**in Violation of California Labor Code §§ 226, 1174, and 1174.5**

54.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

55.     Compass Group has willfully failed to maintain policies and practices that permit employees to accurately record all hours of work and meal and rest breaks taken.  Compass Group has also maintained policies and practices that fail to keep accurate and appropriate records of all hours worked by Plaintiffs and the Class as required under Labor Code section 1174 and IWC Wage Order 5-2001(7) (8 Cal. Code Regs. § 11050).[5]

---

[4] Per footnote 2, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & #17.

[5] Per footnote 2, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & 17.

1    56.    Compass Group has failed and continues to fail to provide timely, accurate

2    itemized wage statements to Plaintiffs and Class members in accordance with Labor Code

3    § 226(a) and IWC Wage Order 2001-5.  The wage statements Compass Group provides Canteen

4    Drivers do not accurately reflect the hours worked, their hourly rates of pay, their regular rates of

5    pay, missed meal and rest breaks, as well as all commissions and wages earned.

6    57.    Compass Group's willful failure to maintain proper employment records and to

7    provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance

8    with the California Labor Code has been knowing and intentional.  Accordingly, Compass Group

9    is liable for damages and penalties under California Labor Code § 226(e) and 1174.5.

10                              **FIFTH CAUSE OF ACTION**
11           **Waiting Time Penalties Pursuant to California Labor Code §§ 201, 202 & 203**

12    58.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege and

13    incorporate all allegations in the Complaint as though fully set forth herein.

14    59.    California Labor Code section 201(a) requires an employer who discharges an

15    employee to pay compensation due and owing to said employee immediately upon discharge.

16    Section 202(a) requires an employer to pay compensation due and owing to said employee within

17    seventy-two (72) hours of that employee's termination of employment by resignation.  Labor

18    Code section 203 provides that if an employer willfully fails to pay compensation promptly upon

19    discharge or resignation, as required under section 201 and 202, then the employer is liable for

20    waiting time penalties in the form of continued compensation for up to thirty (30) work days.

21    60.    Plaintiffs and the Class are entitled to unpaid compensation as stated in this

22    Complaint but they still have not received their compensation since the end of their respective

23    employments with Compass Group.

24    61.    Compass Group has willfully failed and refused, and continues to willfully fail and

25    refuse, to timely pay compensation and wages to the Plaintiffs and the Class whose employment

26    has terminated as required by Labor Code sections 201 and 202.  Accordingly, Compass Group is

27    liable to Plaintiffs and the Class for up to thirty (30) days of waiting time penalties pursuant to

28    Labor Code section 203, as well as interest.

**SIXTH CAUSE OF ACTION**
**Violations of the UCL**
**California Business and Professions Code §§ 17200, *et seq*.**

62.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

63.     California's UCL, Business and Professions Code section 17200, *et seq*., prohibits unfair competition in the form of any unlawful and unfair business practice.

64.     Section 17204 of the UCL permits "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action.

65.     California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

66.     Compass Group has engaged in unlawful and unfair business practices described in this Complaint, including but not limited to: violations of California Labor Code sections 90.5, 201, 202, 203, 226, 510, 1174, 1174.5, 1194, 2802, IWC Wage Orders 2001-5, 2001-9, and 2001-17, and the Fair Labor Standards Act, 29 U.S.C. section 211.

67.     The violations of these laws and regulations, as well as the fundamental public policy of protecting workers from unfair labor practices, serve as unlawful predicate acts and practices for establishing violations of the UCL.

68.     Compass Group's acts and practices described above constitute unlawful and unfair business practices, and unfair competition, within the meaning of the UCL.  Among other things, Compass Group's business practices have required Plaintiffs and other similarly situated persons to perform work for Compass Group's benefit without the legally required compensation, penalties and reimbursements, enabling Compass Group to gain an unfair competitive advantage over law-abiding employers and competitors.  Compass Group also violated the UCL because the utility of its conduct as described in this Complaint is outweighed by the gravity of the

1  consequences to Plaintiffs and Class members, and because its conduct is immoral, unethical,

2  oppressive, unscrupulous and substantially injurious to Plaintiffs and Class members.

3        69.      Plaintiffs, on behalf of themselves and Class members, have suffered injury,

4  including but not limited to the loss of money and property in the form of unpaid wages and

5  penalties, as a direct and proximate result of Compass Group's unlawful and unfair business

6  practices and are therefore entitled to equitable relief, including restitution of unpaid wages,

7  penalties, disgorgement of profits, and a permanent injunction that enjoins Compass Group from

8  the unlawful and unfair practices described herein, as well as attorneys' fees and costs of suit.

9  Cal. Bus. & Prof. Code § 17203.

10  **VIII.   PRAYER FOR RELIEF**

11        Wherefore, Plaintiffs pray for relief as follows:

12        1.      For an order certifying Counts One through Six of this Complaint as a class action

13  pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of Canteen Drivers employed

14  in the state of California within the last four years and that notice of the pendency of this action

15  be provided to all Class members;

16        2.      For an order designating Plaintiffs as class representatives for the Class and

17  appointment of Plaintiffs' counsel as Class counsel;

18        3.      For an order or judgment awarding Plaintiffs and the Class all unpaid wages,

19  reimbursements, overtime, double-time, damages, and penalties, or other appropriate

20  compensation, together with interest on any such amounts as permitted by law;

21        4.      For injunctive relief correcting the unlawful practices complained of herein and

22  ordering Compass Group to refrain from committing similar violations in the future;

23        5.      For a declaratory judgment that Compass Group's policies and practices have

24  violated the laws and regulations stated herein as well as the public policy behind them;

25        6.      For an award of Plaintiffs' reasonable attorneys' fees as provided by applicable

26  law, including California Labor Code sections 226(e) and 1194, California Business and

27  Professions Code section 17203 and Federal Rule of Civil Procedure 23;

28        7.      For all costs of suit;

8.      For such other and further relief as this Court deems just and appropriate.

## IX.    <u>JURY TRIAL DEMAND</u>

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  June 20, 2017          **KAPLAN FOX & KILSHEIMER LLP**

By:   /s/ *Matthew B. George*
      Matthew B. George (SBN 239322)

Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

**LAW OFFICES OF GENNARO DU TERROIL**
Gennaro Du Terroil (*pro hac vice* application to be filed)
18756 Stone Oak Pkwy Suite 200
San Antonio, Texas 78258
Telephone: 210-998-5645
Facsimile:  210-495-4670
cibelliterroil@outlook.com

*Counsel for Plaintiffs*